# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARIO BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1230-F |
| | ) | |
| GARFIELD CO. JAIL; | ) | |
| JERRY NILES, Sheriff; and | ) | |
| NANCY, Jail Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while confined in a detention facility in Garfield County, Oklahoma, Doc. 1. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that the complaint be dismissed without prejudice as a result of Plaintiff's failure to advise the court of an apparent change of address.

On May 30, 2014, a May 21, 2014 order mailed to Plaintiff with regard to his request to proceed in forma pauperis was returned from the Garfield County Jail address provided by Plaintiff with the notation that the mailing was refused and could not be forwarded, Doc. 19. A review of the court file

reveals that as of this date, Plaintiff has not notified the court of a new address.

Local Civil Rule 5.4(a) requires a pro se litigant to file a change of address notice. LCvR 5.4(a); *see Theede v. U.S. Dep't of Labor,* 172 F.3d 1262, 1267 (10th Cir. 1999) (stating that all litigants, including those acting pro se, "bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change"). And, documents mailed by the court are deemed delivered if mailed to the last known address given to the court. LCvR 5.4(a). It is "incumbent on litigants," pro se litigants included, to follow the court's rules, especially those as nonburdensome as Local Civil Rule 5.4. *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Plaintiff's lack of interest in maintaining this litigation combined with the court's inherent power to manage judicial resources warrants dismissal of this action without prejudice.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that this action be dismissed without prejudice. The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 22, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation

waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 2nd day of June, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE